The Honorable Thomas S. Zilly, Judge

UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE:<br><br>ALEXANDER MCLAREN,<br><br>Debtor, | District Court Case No. 2:14-cv-00575-TSZ<br><br>Related Case No. USBC #11-19860<br>Internal Appeal #14-S004<br>Adversary No. BAP #WW-14-1113 |
| ALEXANDER MCLAREN,<br>THOMAS MCLAREN,<br>RUTH EDWARDS,<br><br>Appellants,<br><br>vs.<br><br>PETER H. ARKISON, TRUSTEE,<br>THOMAS HSUEH,<br>TRITON-AMERICA, LLC,<br>TRITON ENGINEERING, INC.,<br><br>Appellees. | RESPONSE OF APPELLEES, THOMAS HSUEH, TRITON ENGINEERING, INC., AND TRITON-AMERICA, LLC, TO APPELLANTS' PLEADING DOCKETED AT #55<br><br>***NOTING DATE: Friday, August 7, 2015*** |

COME NOW, THOMAS HSUEH, TRITON-AMERICA, LLC, and TRITON ENGINEERING, INC., Appellees, ("these Appellees") by and through their counsel, Craig E. Cammock of Skagit Law Group, PLLC, and respond to Appellants' pleading docketed in this case at #55.

RESPONSE OF APPELLEES, THOMAS HSUEH,TRITON ENGINEERING, INC., and TRITON-AMERICA, LLC, TO APPELLANTS' PLEADING DOCKETED AT #55 - 1

*Skagit Law Group, PLLC*
Post Office Box 336 / 227 Freeway Drive, Suite B
Mount Vernon, Washington 98273
Telephone: (360) 336-1000; Facsimile: (360) 336-6690

While Appellants' pleading is titled "Appellants' Joint Motion to Postpone Deadline for Appellants' Brief and Related Deadlines in this Appeal, Appellants' Joint Motion to Consolidate Newly Filed Appeals With this Appeal, Appellants' Joint Motion to Reduce Multiple Appellate Filing Fees to Single Fee, Appellants' Joint Response to Motion to Dismiss, Declaration of Appellants in Support of Above Motions and in Response to Motion to Dismiss, " this response of Appellees is only as to that portion purporting to respond to Appellees' Motion to Dismiss this appeal. Appellees are not responding to the various motions made by the Appellants until such time as they are properly noted and filed. Appellants' pleading, docketed at #55, will be referred to herein as "Appellants' Motions" or "Appellants' pleading".

### Local Court Rule 7(d)(3)

These Appellees filed with this Court a Motion for Dismissal of Appeal, with a noting date of August 7, 2015 (Dkt #53).

On August 4, 2015, the Tuesday prior to the noting date, the undersigned received notice via ECF of the filing of Appellants' Motions.

Appellants' response to the Appellees Motion to Dismiss is untimely and outside the time permitted by LCR 7 which provides, in part, that "any opposition papers shall be filed and served not later than the Monday before the noting date." Appellees ask that the untimely filing be stricken.

### Overview

Co-Appellants, Thomas A. F. McLaren, (Alexander McLaren's brother) and Ruth Edwards, (their mother) do not claim to be suffering from any medical issues as an excuse for failure to timely file their briefs. They have simply and blatantly failed to file their briefs.

RESPONSE OF APPELLEES, THOMAS HSUEH, TRITON ENGINEERING, INC., and TRITON-AMERICA, LLC, TO APPELLANTS' PLEADING DOCKETED AT #55 - 2

*Skagit Law Group, PLLC*
Post Office Box 336 / 227 Freeway Drive, Suite B
Mount Vernon, Washington 98273
Telephone: (360) 336-1000; Facsimile: (360) 336-6690

It is clear from Alexander McLaren's own filings that he is acting as an attorney for his mother and brother, and is, therefore practicing law without a license. It appears that Alexander McLaren's brother and very elderly mother are being used as strawmen to maintain this frivolous appeal.

This appeal, and the Appellants' continued failure to comply with deadlines, Court rules, Court orders or otherwise move this matter forward, embodies the typical modus operandi of Alexander McLaren.

Alexander McLaren's penchant for litigiousness, obstruction and delay is perhaps best illustrated in Judge Overstreet's Order Denying Reconsideration (USBC case number 11-19860; Dkt #270) (which is the subject of this appeal):

> "…After seven months in Chapter 11, and failing to comply with the requirements to proceed under that chapter, the case was converted to Chapter 7 by Judge Dore. The debtor moved for reconsideration. Reconsideration was denied by Judge Dore. The debtor appealed the conversion order and order denying reconsideration, but then failed to prosecute the appeal. Next the debtor attempted to pursue assets of the Chapter 7 estate in his own name. When the Court ruled that the claims could only be pursued by the Chapter 7 Trustee, the debtor appealed that order. Again the debtor failed to prosecute the appeal. The Court approved a settlement with Guardian Northwest; the debtor appealed that order and that appeal was dismissed for failure to prosecute by the debtor. The United States Trustee filed an adversary proceeding seeking to deny debtor's discharge, based on allegations that the debtor failed to list an asset valued at $885,000 [the debtor's 250' vessel: the M/V Endeavour]. The debtor failed to respond to the amended complaint, failed to appear at the pretrial conference and failed to respond to the motion for default and default judgment, despite proper notice. After judgment was entered denying the debtor's discharge, he sought reconsideration without asserting any grounds for his failure to respond or any legal basis for reconsidering the judgment."

RESPONSE OF APPELLEES, THOMAS HSUEH, TRITON ENGINEERING, INC., and TRITON-AMERICA, LLC, TO APPELLANTS' PLEADING DOCKETED AT #55 - 3

**Skagit Law Group, PLLC**
Post Office Box 336 / 227 Freeway Drive, Suite B
Mount Vernon, Washington 98273
Telephone: (360) 336-1000; Facsimile: (360) 336-6690

A search of Skagit County Superior Court cases wherein Alexander McLaren is a party results in 17 cases spanning 13 years.

Other federal courts share Judge Overstreet's view of Alexander McLaren's behavior. The Honorable Timothy J. Corrigan, U.S. District Judge for the Middle District of Florida, Jacksonville Division, in admiralty case #3:11-cv-1242-J-32JBT, wherein M.D. Moody & Sons, Inc. is the plaintiff and Alexander McLaren is a pro se defendant, in an Order entered December 28, 2012, states, in part, as follows:

> "Since the time of filing the answer and counterclaim, however, McLaren's involvement in this case has been essentially limited to taking actions which have served only to cause delay, create additional litigation, and waste judicial resources. See, e.g., Doc. 68 (Report and Recommendation discussing McLaren's "repeated failure to meet his obligations" in the case and his "ongoing pattern of noncompliance"); Doc. 64 (Order to Show Cause as to why McLaren failed to file a memorandum as directed or to appear at a settlement conference in person as ordered); Doc. 27 (Order warning McLaren, for the second time, that sending letters to chambers instead of filing them with the Clerk violates the Court's Local Rules). **The list goes on.** *(emphasis supplied)* Finally, when McLaren's failure to defend the case or prosecute his counterclaim reached the point that it was interfering with the Court's pretrial and trial schedule, the undersigned set the matter for a telephone hearing to address the pending motions and to determine how to proceed. See Doc. 100 (Minute Entry)."

The Order further states, in part, that:

> "In his response, McLaren does not dispute the facts but instead simply describes his own ailing health and ask the Court to further delay this case in order to accommodate his illness. Doc. 107. Although the Court is sympathetic to McLaren's health issues, the Court has **allowed McLaren to delay this case long enough.**" *(emphasis supplied)* McLaren has failed to present any evidence to show that a genuine issue of material fact exists."

It further states, in part, that:

RESPONSE OF APPELLEES, THOMAS HSUEH, TRITON ENGINEERING, INC., and TRITON-AMERICA, LLC, TO APPELLANTS' PLEADING DOCKETED AT #55 - 4

*Skagit Law Group, PLLC*
Post Office Box 336 / 227 Freeway Drive, Suite B
Mount Vernon, Washington 98273
Telephone: (360) 336-1000; Facsimile: (360) 336-6690

> "On June 15, 2012, the Court granted Moody's motion to compel, requiring McLaren to provide all Rule 26 disclosures no later than July 16, 2012. (Doc. 50.) McLaren failed to produce the requested information, and the Court entered another Order requiring Rule 26 disclosures no later than September 20, 2012. (Doc. 75.) Moody maintains that McLaren has still not produced the requested information, essentially rendering Moody unable to defend itself against McLaren's counterclaim. (Doc. 87 at 2.) Nor has McLaren taken any other action to prosecute his counterclaim. McLaren has not disputed these assertions, and Moody thus requests that this Court dismiss defendants' counterclaim with prejudice as a sanction for McLaren's repeated failure to comply with the Court's Orders.
>
> Dismissing a party's claim is a harsh sanction; **however, such action is appropriate in this case. McLaren claims that the delay is the result of his illness; however, illness does not excuse his lengthy and repeated delays.**
>
> **…Thus, due to McLaren's delays and failure to prosecute his counterclaim, defendants' counterclaim is due to be dismissed.**"

The action in the Federal District Court for the Middle District of Florida, Jacksonville Division is connected to this case by the M/V Endeavour, a 250' ship owned by Alexander McLaren. One week prior to the January 2013 sale of the M/V Endeavour by the U.S. Marshall, by order of the Honorable Timothy J. Corrigan to satisfy tens of thousands of dollars in unpaid moorage fees, Alexander McLaren formed an LLC in Washington, transferred ownership of the M/V Endeavour to the LLC and then immediately filed a Chapter 11 petition for bankruptcy for the LLC in Tacoma. Alexander McLaren's failure to disclose ownership of the M/V Endeavour in his then pending bankruptcy in Judge Overstreet's court served as the basis for his denial of discharge. Alexander McLaren's actions also served as the basis for the dismissal of the Chapter 11 filing in Tacoma upon a finding of bad faith.

RESPONSE OF APPELLEES, THOMAS HSUEH, TRITON ENGINEERING, INC., and TRITON-AMERICA, LLC, TO APPELLANTS' PLEADING DOCKETED AT #55 - 5

*Skagit Law Group*, PLLC
Post Office Box 336 / 227 Freeway Drive, Suite B
Mount Vernon, Washington 98273
Telephone: (360) 336-1000; Facsimile: (360) 336-6690

## Credibility of Co-Appellant, Alexander McLaren

Appellees submit that the USDC and USBC have determined, on prior occasions, that Mr. McLaren has acted in bad faith and lacks credibility. Appellants' motion to further delay filing of the Appellants' brief and to oppose the Motion to Dismiss rely entirely upon the statements of Alexander McLaren and his claimed medical condition as justification for such relief. This Court should not delay dismissal of this appeal because the credibility and motivations of Alexander McLaren have been found wanting time and again by many courts.

A June 25, 2013 Florida USDC Order states as follows:

> "After reviewing the debtor's proposed charter agreement (see Case No. 3:13-cv-136, Doc. 27) and incorporating the discussion from the May 23, 2013 hearing, the Court finds the debtor's presentation insufficient to surmount the many factors which strongly weigh favor of dismissal on the grounds of bad faith. This vessel has been at risk of being sold since December of 2011 when the Court issued a warrant in rem for its arrest and authorized its seizure by the U. S. Marshal. See Case No. 3:11-cv-1242, Doc. 2. Until the recent emergence of the proposed charter agreement, the vessel owners (primarily Alexander McLaren) had taken virtually no measures to secure the vessel's release (which could have occurred for about $50,000 at the beginning of the case) and instead **have obstructed nearly every effort** *(emphasis supplied)* by Moody to resolve this matter, including taking the step of forming an out of state LLC (whose sole asset was the vessel) and then immediately having the LLC file a Chapter 11 bankruptcy petition in the District of Washington, all of which occurred on December 27, 2012, just days before the first Court-ordered sale of the vessel (which was scheduled for January 3, 2012). In addition the debtor's initial bankruptcy filings were woefully deficient and efforts to cure the deficiencies have been too little and too late. As one example **(out of many that the Court could recite)** *emphasis supplied)*, the debtor listed only M.D. Moody & Sons, Inc. as a creditor of the LLC but now argues that R. J. Edwards and Sinellco, LLC are legitimate creditors whose interest would be unfairly compromised by the dismissal of the bankruptcy case. The debtor stated that the reason the additional creditors were not

RESPONSE OF APPELLEES, THOMAS HSUEH, TRITON ENGINEERING, INC., and TRITON-AMERICA, LLC, TO APPELLANTS' PLEADING DOCKETED AT #55 - 6

*Skagit Law Group, PLLC*
Post Office Box 336 / 227 Freeway Drive, Suite B
Mount Vernon, Washington 98273
Telephone: (360) 336-1000; Facsimile: (360) 336-6690

originally listed was that it did not have sufficient information about those creditors at the time of the filing. **However, R. J. Edwards is the mother of Alexander McLaren (and Thomas too presumably) and her interest, if legitimate,** was surely known to the debtor at the time the petition was filed.

In short, the Court incorporates by reference its earlier findings made on the record regarding the bad faith factors and finds that they **equally support a finding of bad faith for purposes of dismissal.** See Case No. 3:13-cv-136, Orders (Docs 6 & 9), Minutes (Doc. 5), Transcript (Doc. 41). All subsequent case events, including the presentations from the debtor both in writing and at the May 23, 2013 hearing, have **only served to strengthen the Court's determination that the LLC's Chapter 11 petition is a bad faith filing, subject to immediate dismissal** *(emphasis supplied)*."

"…Thus, the bankruptcy case is due to be dismissed both as a bad faith filing, and alternatively, for **failure to timely file the required bankruptcy documents.**"

"…Pursuant to its authority under 11 U.S.C. § 349, the Court **further finds that the bad faith evidenced by the debtor constitutes cause to dismiss the bankruptcy case 'with prejudice,'** to the extent that the Court will enjoin the M/V Endeavour and its owners from initiating any bankruptcy proceeding involving the vessel for a period of 180 days from the date of this Order."

"…The Chapter 11 Bankruptcy Petition filed by M/V Endeavour, LLC, Case No. 3:13-cv-136-J-32, is **DISMISSED WITH PREJUDICE** *(sic)* **as a bad faith filing and for cause for the debtor's gross noncompliance with the bankruptcy rules and procedures…**"

In a further showing of Alexander McLaren's lack of credibility, Appellees refer this Court to a Motion of the U.S. Trustee, filed on December 17, 2011, to Convert or Dismiss debtor's Chapter 11 case in the Western District of Washington.

In its Motion, the U.S. Trustee states, in part, that:

RESPONSE OF APPELLEES, THOMAS HSUEH, TRITON ENGINEERING, INC., and TRITON-AMERICA, LLC, TO APPELLANTS' PLEADING DOCKETED AT #55 - 7

*Skagit Law Group, PLLC*
Post Office Box 336 / 227 Freeway Drive, Suite B
Mount Vernon, Washington 98273
Telephone: (360) 336-1000; Facsimile: (360) 336-6690

> "…**This case appears to simply be an attempt by the Debtor to stall secured creditors, without any hope of reorganization.** *(emphasis supplied)* The Debtor is pro se, and no disclosure statement or plan of reorganization has been filed."

> "The Debtor has never filed accurate schedules and statements, and has not filed certain amendments thereto requested by the United States Trustee. For example, Schedule A does not list any interest in real property located at 107 5th Street, Anacortes, WA. The secured creditor, Triton-America recently obtained relief from stay on that property and **it clearly should have been included** in the Debtor's schedules. Also, the statement of financial affairs, questions nos. 1 and 2, **are believed to be completely inaccurate.** *(emphasis supplied)*"

> "…The Debtor has not filed the required monthly financial reports for October and November 2011."

The U.S. Trustee's subsequent reply to the debtor's response states that:

> "…what seems obvious is that the Debtor has virtually no income or source of funds, and he envisions staying in chapter 11 and **fighting with virtually every creditor constituency over every claim.** *(emphasis supplied)*

> "In the Response, the Debtor represents that all missing monthly financial reports have been filed, his Schedules have been amended, and all quarterly fees have been paid. While those things may occur prior to the hearing, as of the time this Reply is being prepared none has yet occurred."

(USBC Judge Dore subsequently ruled that the case be converted to a Chapter 7. Mr. McLaren appealed Judge Dore's order.)

### Appellants' Claim, re: Incapacity of Co-Appellant, Alexander McLaren

Appellants request another extension of time[1] as to appeal-related deadlines due to "the recent incapacity of Alexander McLaren, a key appellant."

---

[1] As noted in Appellees' Motion for Dismissal of Appeal (Dkt #53), Appellants previously made motions to extend deadlines and stay the appeal, resulting in multiple extensions: to April 28, 2014, September 30, 2014, April 6, 2015, and June 30, 2015.

RESPONSE OF APPELLEES, THOMAS HSUEH, TRITON ENGINEERING, INC., and TRITON-AMERICA, LLC, TO APPELLANTS' PLEADING DOCKETED AT #55 - 8

*Skagit Law Group, PLLC*
Post Office Box 336 / 227 Freeway Drive, Suite B
Mount Vernon, Washington 98273
Telephone: (360) 336-1000; Facsimile: (360) 336-6690

Attached to Appellants' pleading is an undated, handwritten note on the letterhead of the Department of Veterans Affairs, Puget Sound Health Care System, stating that the Appellant, Alexander McLaren, "was hospitalized and being discharged with an on-going medical condition…." Appellants' pleading states that Alexander McLaren was recently hospitalized for a "life-threatening pulmonary condition" and that he has "now been released." A footnote in Appellants' pleading states that "(h)is present medical matter is a pulmonary condition, unrelated to her claimed mental grounds."

However, the undated doctor's note supplied with the Appellants' pleading appears to have been signed by a Reza Hosseini Ghomi, M.D. A web search indicates Reza Hosseini Ghomi is a resident physician at the University of Washington VA Clinic in the Psychiatry and Behavioral Sciences Department. Appellants have failed to explain the relevance of an undated doctor's note from a psychiatrist excusing all three Appellants from meeting this Court's deadlines due to a pulmonary condition of one of the three Appellants.

While Alexander McLaren earlier opposed prior motions brought by his former counsel for the appointment of a guardian ad litem to act on Mr. McLaren's behalf, he now appears to conjoin a "pulmonary condition" with matters relating to areas of psychiatry and what Mr. McLaren refers to as "a '*more (sic)* dangerous' phase" where "his response to out-patient treatment has been "disappointing." In Appellants' pro se Objection to the appointment of a GAL, filed May 1, 2015, (Dkt 48) Appellants state that they "disagree" to a need for a guardianship," and that "Alexander McLaren has sufficient cognition to participate in this appeal *sans (sic)* guardian," and that:

> "Thomas McLaren, co-appellant in this case, and, as his brother and the person most able to judge his condition, affirms that Alexander McLaren is competent to participate in this appeal without a guardian."

RESPONSE OF APPELLEES, THOMAS HSUEH, TRITON ENGINEERING, INC., and TRITON-AMERICA, LLC, TO APPELLANTS' PLEADING DOCKETED AT #55 - 9

*Skagit Law Group, PLLC*
Post Office Box 336 / 227 Freeway Drive, Suite B
Mount Vernon, Washington 98273
Telephone: (360) 336-1000; Facsimile: (360) 336-6690

and that

> "[Alexander McLaren's] present medical matter is a pulmonary condition, unrelated to her [Ms. Fullmer's] claimed mental grounds."

Attached as "Exhibit 1" and incorporated herein is a copy of a Petition for Appointment of Guardian and Conservator of Estate indicating a January 17, 2014 filing in the Circuit Court of the State of Oregon wherein co-Appellant, herein, Thomas McLaren, petitioned the court for the appointment of a fiduciary for Alexander McLaren and his estate. Therein Thomas McLaren alleges that "Alexander McLaren is an incapacitated person who is capable of managing some of his personal and financial affairs." This Petition was filed five days prior to a scheduled hearing on the Trustee's Motion to Sell Real Property and Settle Litigation—the Order from which is the subject of this appeal.

Attached as "Exhibit 2" and "Exhibit 3," and incorporated herein, are copies of medical-related statements filed on August 21, 2012 by the pro se debtor, Alexander McLaren, in his bankruptcy case as attachments to his "Memorandum in Support of Motion to Compel Trustee to Defend Asset/Authorize Debtor to Defend Asset/Declaration of A. McLaren in Support."

"Exhibit 2," with a typed-in heading indicating the "Department of Veterans Affairs," appears to have been signed by nurse practitioner in Mount Vernon, Washington and states that the debtor "feels he is not able to travel to Florida at this time and needs a month to get through his local situation here in Washington first." It is dated July 17, 2012. "Exhibit 3," a Declaration of James Ostlund, M.D., is also dated July 17, 2012. At that time, the plaintiff in the above-mentioned Florida USDC admiralty action filed a motion for the interlocutory sale of a 250' ship belonging to the debtor.

RESPONSE OF APPELLEES, THOMAS HSUEH, TRITON ENGINEERING, INC., and TRITON-AMERICA, LLC, TO APPELLANTS' PLEADING DOCKETED AT #55 - 10

**Skagit Law Group, PLLC**
Post Office Box 336 / 227 Freeway Drive, Suite B
Mount Vernon, Washington 98273
Telephone: (360) 336-1000; Facsimile: (360) 336-6690

Attached as "Exhibit 4" is a "Declaration of A. McLaren in Support of Motion for Extension of Time to Respond to Plaintiff's Second Motion for Interlocutory Sale of Vessel" which was filed on July 9, 2012 in the Florida USDC action under Docket #55. Therein Mr. McLaren states that:

> "[d]ue to medical necessity I made a motion for an extension of time to respond to the Plaintiff's second motion for interlocutory sale of the vessel Endeavour."
>
> "…The Plaintiff has not agreed to my motion for extension of time."
>
> "…Since my initial request for an extension of time, other circumstances have arisen to underscore my need for as liberal extension as possible. While I was convalescing at my home, an intruder broke in and I was forced to shoot him."

He further "offer[s]" the court an "apology for the delay my ill health has interposed in this matter."

Appellants utilize the health and competency of Alexander McLaren depending on how it might best serve their interests at the moment – they either claim or deny Mr. McLaren's competency or conveniently allege a "medical incapacity of key appellant Alexander McLaren," to avoid a pressing deadline. Appellants have both sought and objected to the appointment of a GAL for Alexander McLaren with the only apparent explanation for the contrary positions being which was more advantageous for a then current deadline.

Appellees respectfully request that this Court concur with the findings of other United States federal courts in matters involving co-Appellants, Alexander McLaren, Thomas A. F. McLaren, and Ruth Edwards, by striking Appellants' late filing, docketed at #55 in this case, and granting Appellants' Motion for the dismissal of this appeal due to failure to prosecute.

RESPONSE OF APPELLEES, THOMAS HSUEH, TRITON ENGINEERING, INC., and TRITON-AMERICA, LLC, TO APPELLANTS' PLEADING DOCKETED AT #55 - 11

**Skagit Law Group, PLLC**
Post Office Box 336 / 227 Freeway Drive, Suite B
Mount Vernon, Washington 98273
Telephone: (360) 336-1000; Facsimile: (360) 336-6690

DATED this 6th day of August, 2015.

        SKAGIT LAW GROUP, PLLC

        By_____
        CRAIG E. CAMMOCK, WSBA #24185
        Attorney for Hsueh, Triton-America, LLC
        and Triton-Engineering, Inc.

RESPONSE OF APPELLEES, THOMAS HSUEH, TRITON ENGINEERING, INC., and TRITON-AMERICA, LLC, TO APPELLANTS' PLEADING DOCKETED AT #55 - 12

**Skagit Law Group, PLLC**
Post Office Box 336 / 227 Freeway Drive, Suite B
Mount Vernon, Washington 98273
Telephone: (360) 336-1000; Facsimile: (360) 336-6690