UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALEXANDER McLAREN, et al., <br><br> Appellants, <br><br> v. <br><br> PETER H. ARKISON, et al., <br><br> Respondents. | C14-575 TSZ <br><br> ORDER |

THIS MATTER comes before the Court on the motion of respondents Thomas Hsueh, Triton Engineering, Inc., and Triton-America, LLC (collectively, "Triton") to dismiss this bankruptcy appeal, docket no. 53, which was joined by respondent Peter H. Arkison, trustee in the bankruptcy case of appellant Alexander McLaren, docket no. 56. Having reviewed the motion and joinder, as well as appellants' motion for extension of time, docket no. 55, and the response thereto, docket no. 57, the Court hereby ORDERS:

(1)   Appellants' motion for extension of time, docket no. 55, is DENIED. Appellants' opening brief was due on June 30, 2015. Appellants did not seek an extension of this due date until August 3, 2015, over a month after the deadline had expired and almost three weeks after Triton moved to dismiss the appeal for failure to prosecute. Appellants' request for an extension is untimely. *See* Local Civil Rule 7(j).

ORDER - 1

Moreover, appellants' motion is without merit.  Even if appellant Alexander McLaren had medical reasons for not timely submitting an opening brief, appellants Thomas McLaren and Ruth Edwards cannot rely on such grounds and have provided no excuse for failing to file an opening brief.[1]  Alexander McLaren's contention that his health impeded his ability to timely file an opening brief is unsupported by credible evidence.  The hand-written note from Reza Hosseini Ghomi, MD, a copy of which is attached to appellants' motion for extension, see docket no. 55 at 7, is not dated, does not indicate when or why Alexander McLaren was hospitalized, and provides no timeframe for the 90-day period during which he "should avoid physical and mental exertion."  The hand-written note is also not consistent with Alexander McLaren's assertion that he was hospitalized for a "life-threatening pulmonry [sic] condition," Mtn. at 3 (docket no. 55), given that Dr. Ghomi is a resident physician at the University of Washington in the Psychiatry and Behavioral Sciences Department, see http://www.rezahosseinighomi.com/about.html; see also Resp. at 9 (docket no. 57), and is not a pulmonologist, primary care physician, or similar practitioner.

---

[1] The additional appeals that Thomas McLaren and Ruth Edwards have recently filed do not provide any basis for delaying the briefing schedule in this matter, particularly when one of those cases has already been dismissed for failure to prosecute, see Order (docket no. 6, C15-741-MJP), an order to show cause has been issued in another matter, see Order (docket no. 6, C15-740-JCC), and notices of deficiency have been entered in the two other appeals, see Notice (docket no. 4, C15-809-RSM); Notice (docket no. 4, C15-810-JCC).  Among the deficiencies identified in each of the four recent appeals was the failure to pay the requisite filing fee.  To the extent Thomas McLaren and Ruth Edwards seek to have the appellate filing fees waived, they must file motions in the appropriate cases; the undersigned cannot grant relief in cases assigned to other judges.

ORDER - 2

(2)     Respondents' motion to dismiss appeal, docket nos. 53 & 56, is GRANTED.  This appeal is DISMISSED for failure to prosecute.

(3)     The Clerk is DIRECTED to CLOSE this case and to send a copy of this Order to all counsel of record and to appellants pro se.

IT IS SO ORDERED.

Dated this 19th day of August, 2015.

*/s/ Thomas S. Zilly*

Thomas S. Zilly
United States District Judge

ORDER - 3